UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL RAY GREEN,

       Plaintiff,

                                 Case No. 12-12319

v.                                  Honorable Patrick J. Duggan

DAVID MESSER, ALLEN HOWARD,
CRAIG HENRICKS, ROGER HEATH, and
VICKI LEWIS,

       Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 13]

Plaintiff, a Michigan prisoner, commenced this action against Defendants on May 29, 2012. In his Complaint, Plaintiff alleges that Defendants confiscated his personal property in retaliation for the exercise of his First Amendment rights in violation of 42 U.S.C. § 1983 and Michigan law. On November 2, 2012, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) or, in the alternative, for summary judgment pursuant to Rule 56. Plaintiff filed a response to the motion on November 29, 2012; Defendants filed a reply brief on December 11, 2012. On May 8, 2013, Plaintiff filed a "Supplemental

Affidavit under Rule 56[d][1] in Opposition to Summary Judgment" in which he indicates that he served Defendants with discovery requests on September 24, 2012, has not received a response, and needs the information to properly respond to their pending motion.  Defendants responded to Plaintiff's filing on May 22, 2013.  This matter has been referred for all pretrial matters to Magistrate Judge Paul J. Komives.

On August 2, 2013, Magistrate Judge Komives issued a Report and Recommendation (R&R) in which he recommends that this Court grant Defendants' motion for summary judgment and deny Plaintiff's Rule 56(d) request.  (ECF No. 21.)  Magistrate Judge Komives first concludes that Plaintiff failed to exhaust his administrative grievances with respect to his claims against Defendant Lewis based on events on March 20, 2012.  (*Id*. at 14-15.)  Next, Magistrate Judge Komives finds that Plaintiff fails to present evidence of a causal connection between the exercise of his First Amendment rights and the confiscation of his property (*id*. at 22-24, 26-27), or to support his conspiracy claim.  (*Id*. at 28-29.)  Moreover, Magistrate Judge Komives recommends that the Court conclude that Plaintiff's retaliation claim fails because he was found guilty

---

[1]Plaintiff actually cites subsection (c) of Rule 56, however, he is relying on subsection (d) for relief.

on each of the misconduct reports.  (*Id*. at 24-26.)  The magistrate judge concludes that Plaintiff's Rule 56(d) request was filed too late and therefore should be denied. (*Id*. at 32.)  Lastly, Magistrate Judge Komives recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  (*Id*. at 34-35.)  At the conclusion of his R&R, Magistrate Judge Komives informs the parties that they must file any objections to the R&R within fourteen days.  (*Id*. at 35-36.) Plaintiff filed objections on August 16, 2013.  (ECF No. 22.)

## **Standard of Review**

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's

-3-

report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

<u>Analysis</u>

Plaintiff raises several objections to the R&R.

<u>Objection 1</u>

Plaintiff first contends that Magistrate Judge Komives erred in finding that he failed to exhaust his claim against Defendant Lewis regarding the incident on March 20, 2012. Plaintiff argues, as he did in response to Defendants' motion, that the only opportunity he had to present this claim was through the hearing process. For the reasons discussed by Magistrate Judge Komives, Plaintiff's argument lacks merit.

Michigan's policy directives provide that " '[d]ecisions made in hearings conducted by hearing officers of the Hearings and Appeals Division of the Office of Policy and Hearings (OPH)' are non-grievable and 'shall be rejected by the Grievance Coordinator.' " *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011) (quoting P.D. 03.02.130, ¶ F.1). Policy Directive 03.02.130 does not apply to Plaintiff's complaint against Defendant Lewis for the March 20, 2012 confiscation of certain property and issuance of a misconduct for contraband. As Magistrate Judge Komives correctly found, Plaintiff's complaint was grievable.

-4-

Objection 2

Plaintiff next asserts that Magistrate Judge Komives misconstrued the facts when he concluded that Plaintiff was alleging an adverse action based on the confiscation of his medication and legal footlocker and the fabrication of two misconducts.  Plaintiff indicates that he never alleged anything about the former because his medication and legal footlocker were eventually returned to him.  He also states that he only mentioned the two misconducts as evidence of a continuous retaliatory conspiracy.

This "objection" does not state an alleged error by Magistrate Judge Komives that would require a difference outcome with respect to Defendants' motion.  The Court finds it unnecessary, therefore, to address it.

Objection 3

Plaintiff objects to Magistrate Judge Komives' conclusion that Plaintiff presented insufficient evidence to create a genuine issue of material fact as to the causation element of his retaliation claim.  Plaintiff refers the Court without elaboration to the allegations asserted with respect to causation in his Complaint.  Plaintiff also contends that the magistrate judge decided facts that were in dispute.  Specifically, Plaintiff contends that his personal property (except his legal footlockers) was searched, documented, logged, and issued to him on March 17,

2012.  Thus, he claims, there was no need for a second property inventory on March 19, at which time certain property was confiscated as contraband.  Plaintiff contends that this second inventory was a pretext to retaliate against him for verbal complaints and threats to officers.

Plaintiff, however, presents no evidence to contradict Defendants' claim that a property card had not been completed prior to March 19, thereby requiring the inventorying of Plaintiff's property on that date.  Moreover, he does not contest Magistrate Judge Komives' conclusion that evidence supported the confiscation of Plaintiff's property as contraband.  As such, based on case law cited by the magistrate judge, the guilty findings on each of Plaintiff's misconduct reports for possessing contraband "checkmates" his retaliation claim.

Objection 4

Plaintiff next claims that Magistrate Judge Komives erred in finding no evidence to support his conspiracy claim.  However, because Plaintiff's First Amendment retaliation claim fails, so too does his conspiracy claim.  *See Graham v. City of Mentor*, 118 Fed. App'x 27, 32 (6th Cir. 2004) (affirming grant of summary judgment to the defendants on the plaintiffs' conspiracy claim where the plaintiffs "failed to provide sufficient evidence to withstand summary judgment on their retaliation claim").

-6-

Objection 5

Plaintiff's final objection relates to Magistrate Judge Komives' discussion of Plaintiff's Rule 56(d) request. Plaintiff claims that he attached a copy of his request for discovery to his May 8, 2013 filing. He also argues that his request for the March 19, 2012 property inventory document would substantiate his claim. Finally, he contends that Defendants cannot claim prejudice as a result of his late request for the discovery to respond to their motion, as they were aware of his request well in advance.

Defendants may have been aware of Plaintiff's discovery request. However, they would not have been aware of Plaintiff's claim that he needed the discovery to respond to their motion for summary judgment until he filed his Rule 56(d) affidavit approximately six months after the motion was filed. His Rule 56(d) affidavit should have been timely filed. In any event, the discovery Plaintiff claims he needs in fact would not impact the outcome of his case.

## **Summary**

For the reasons set forth herein and in Magistrate Judge Komives' August 2, 2013 R&R, the Court adopts the R&R.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for summary judgment is **GRANTED** in that Plaintiff's claims alleging First Amendment retaliation and conspiracy are **DISMISSED WITH PREJUDICE** and the Court declines to exercise supplemental jurisdiction over his state law claims.  Plaintiff's state law claims therefore are **DISMISSED WITHOUT PREJUDICE**.

Date:  September 11, 2013            s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Virgil Ray Green, #189440
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48042

AAG Allan J. Soros
Magistrate Judge Paul J. Komives